# Civil right lawsuit

From: lakisha green (lakishamgreen81@yahoo.com)

To: lakishamgreen81@yahoo.com

Date: Saturday, February 28, 2026 at 11:30 AM CST

CIVIL RIGHTS COMPLAINT

———

**26-C-553**

IN THE

United States District Court
FOR THE EASTERN DISTRICT OF WISCONSIN

———

Mitchell Green,
Plaintiff,

v.

Gerardo Orozco,
Savannah Beasley,
City of Milwaukee,
Milwaukee County,
Milwaukee police department district 1
Defendants.

———

Case No.: _____

———

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Mitchell Green, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 and alleges as follows:

———

I. PARTIES
1. Plaintiff Mitchell Green is a resident of Milwaukee, Wisconsin.
2. Defendant Detective Gerardo Orozco was at all relevant times a detective with the

Milwaukee Police Department district 1

acting under color of state law.

3. Defendant Detective Gerardo Orozco was a supervisory officer responsible for oversight and training.

4. Defendant City of Milwaukee is a municipal corporation responsible for MPD policies and practices.

5. Defendant Milwaukee County is responsible for prosecution and jail operations.

6. All individual Defendants are sued in their individual and official capacities.

7. Savannah Beasley is a resident of Milwaukee that initially started the false accusations of child abuse and other crimes that were supposedly committed by the Plaintiff.

## II. JURISDICTION AND VENUE

7. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

8. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

9. Venue is proper under 28 U.S.C. § 1391 because all events occurred in this district.

## III. FACTUAL BACKGROUND

### A. False Accusation and Investigation

10. In February 2019, Plaintiff was falsely accused by an underage individual of sex trafficking.

11. The accusation occurred after Plaintiff declined personal involvement with the accuser.

12. Defendant Detective Gerardo Orozco based his investigation almost entirely on the accuser's statements.

13. No physical, digital, forensic, or corroborating evidence supported the allegations.

14. The detective later added new details and allegations to reports without evidentiary support.

15. The detective and accuser had prior professional dealings in a similar matter, creating bias.

16. Defendants failed to properly investigate credibility and reliability.

### B. Arrest and Detention

17. Plaintiff was arrested in February 2019.

18. Plaintiff was jailed for approximately eight days.

19. On March 12, 2019, Plaintiff was bound over for trial after a preliminary hearing.

20. Probable cause was based solely on unreliable statements.

### C. Trial Proceedings and Mistrial

21. During trial, the accuser gave detailed answers when questioned by the prosecutor.

22. When cross-examined by defense counsel, the accuser repeatedly stated "I don't know" or "I can't remember."

23. Trial transcripts reflect serious credibility concerns.

24. On January 28, 2020, after defense presented Denny evidence, the State sought to recall witnesses.

25. The trial court declared a mistrial.

26. The mistrial was not supported by manifest necessity.

## D. Appeals and Habeas Relief

27. On February 17, 2021, Plaintiff filed a petition in the Wisconsin Court of Appeals.

28. On April 20, 2022, Plaintiff filed a petition for review with the Wisconsin Supreme Court

29. On September 27, 2022, relief was denied.

30. On October 19, 2023, Plaintiff filed a petition for writ of certiorari with the Supreme Court of the United States

31. On March 12, 2024, an order was issued on Plaintiff's habeas petition.

32. On April 15, 2025, Plaintiff argued before the United States Court of Appeals for the Seventh Circuit

33. On August 1, 2025, the Seventh Circuit granted Plaintiff's petition for writ of habeas corpus.

34. The Court held that the mistrial lacked manifest necessity and relied on a non-existent legal requirement.

35. The Court ruled that retrial would violate the Double Jeopardy Clause.

36. An unconditional writ was issued prohibiting retrial.

## E. Case Dismissal

37. On September 3, 2025, the criminal case was dismissed with prejudice.

38. Plaintiff was never convicted of any offense.

39. The termination was favorable and final.

## F. Sex Offender Registry and Reputational Harm

40. Plaintiff was placed on the sex offender registry while charges were pending.

41. Plaintiff remained on the registry until final dismissal.

42. This caused severe stigma, housing denial, job loss, and social isolation.

## G. Damages and Ongoing Harm

43. Plaintiff lost employment and future job opportunities.

44. Plaintiff lost housing opportunities.

45. Plaintiff was separated from his children.

46. Plaintiff required mental health hospitalization.

47. Plaintiff suffered emotional distress, depression, and anxiety.

48. Plaintiff continues to suffer financial and psychological harm.

## IV. CLAIMS FOR RELIEF

## COUNT I

Violation of Fourteenth Amendment – Due Process

(42 U.S.C. § 1983)

49. Defendants fabricated, altered, and relied upon unreliable evidence.
50. Defendants failed to conduct a fair investigation.
51. Plaintiff was deprived of liberty and property without due process.

COUNT II

Malicious Prosecution

(42 U.S.C. § 1983)

52. Defendants initiated proceedings without probable cause.
53. Defendants acted with malice.
54. Proceedings terminated in Plaintiff's favor.
55. Plaintiff suffered damages.

COUNT III

Wrongful Detention and False Imprisonment

(42 U.S.C. § 1983)

56. Plaintiff was unlawfully detained based on fabricated evidence.
57. Detention continued without lawful justification.

COUNT IV

Violation of Double Jeopardy and Due Process

(Fifth and Fourteenth Amendments)

58. Defendants caused an unlawful mistrial.
59. Defendants attempted to continue prosecution without manifest necessity.
60. The Seventh Circuit confirmed constitutional violations.

COUNT V

Fabrication of Evidence

(42 U.S.C. § 1983)

61. Defendants knowingly created and supplemented false reports.
62. Defendants omitted credibility issues.
63. These acts caused wrongful prosecution.

## COUNT VI

Stigma-Plus Deprivation of Liberty
(42 U.S.C. § 1983)

64. Defendants publicly labeled Plaintiff a sex offender.
65. This imposed legal and social restrictions.
66. The label was unsupported by evidence.

---

## COUNT VII

Intentional Infliction of Emotional Distress
(State Law)

67. Defendants' conduct was extreme and outrageous.
68. Defendants acted intentionally or recklessly.
69. Plaintiff suffered severe emotional distress.

---

## COUNT VIII

Municipal Liability (Monell)
(42 U.S.C. § 1983)

70. City of Milwaukee and Milwaukee County maintained unconstitutional policies.
71. These included failure to train, supervise, and discipline.
72. Defendants tolerated prosecutions without evidence.
73. These policies caused Plaintiff's injuries.

---

## V. DAMAGES

74. Plaintiff seeks compensatory damages for:

- Lost wages and earning capacity
- Medical and mental health expenses
- Emotional distress
- Reputational harm
- Family relationship loss
- Housing and employment loss

75. Plaintiff seeks damages of approximately $1,000,000 per year for each year of wrongful prosecution.
76. Plaintiff seeks punitive damages against individual Defendants.
77. Plaintiff seeks costs and attorney's fees under 42 U.S.C. § 1988.

---

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

A. Enter judgment in Plaintiff's favor
B. Award compensatory damages
C. Award punitive damages
D. Award costs and fees
E. Issue declaratory relief
F. Grant any other just relief

———

## VII. JURY DEMAND

78. Plaintiff demands a trial by jury on all issues so triable.

———

## VIII. Mitchell Green

Respectfully submitted,

———

Mitchell Green
3920 N 61st st
Milwaukee, WI 53216
414-801-6029
lilmick92@yahoo.com
Date: ___02-28-2026_____

Sent from Yahoo Mail for iPhone